# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY WEBB,<br><br>        Plaintiff,<br><br>    v.<br><br>GSF PROPERTIES, et al.,<br><br>        Defendants. | Case No.  1:17-cv-00361-LJO-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR CHANGE OF VENUE<br><br>(ECF No. 6) |

    Plaintiff, proceeding pro se, filed this action on March 13, 2017, along with an application to proceed in forma pauperis. (ECF No. 1, 2.)  At the direction of the Court, Plaintiff filed a second application to proceed in forma pauperis which the Court has recommended be denied.  (ECF Nos. 4, 5.)  On March 27, 2017, Plaintiff filed a motion for a change of venue. Plaintiff seeks to have this action transferred to San Francisco.

    Venue is governed by 28 U.S.C. § 1391 which provides that a civil action, other than one based on diversity, be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

1    While difficult to decipher, based on the complaint filed in this action, Fresno police and
2 sheriff deputies responded to Plaintiff's apartment and Plaintiff alleges she was assaulted by
3 officers.  Plaintiff brings this action against the staff of the property management company, GSF
4 Properties; Lindsey Burrow, a secretary; the Fresno Police Department, and the Fresno Sheriff's
5 Department.  (ECF No. 1.)  In this instance, all the defendants reside in Fresno, and the incidents
6 alleged in the complaint occurred in Fresno.  Therefore, venue in this action is proper in this
7 division.

8    Where a court finds that venue is proper, it may still transfer an action to another district
9 in which it could have been brought "[f]or the convenience of the parties and witnesses, [or] in
10 the interest of justice[.]  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in
11 the district court to adjudicate motions for transfer according to an 'individualized, case-by-case
12 consideration of convenience and fairness.' "  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29
13 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  Plaintiff has not
14 demonstrated that this action could have been brought in the Northern District of California.

15    Plaintiff is currently residing in the San Francisco area and seeks to transfer venue to the
16 Northern District of California because of harassment and discrimination.  Plaintiff states that
17 she has been physically attacked for years in different places and all police need to be arrested
18 for doing this every year or two.  (ECF No. 6 at 3.)  However, Plaintiff's complaint in this action
19 alleges violations based upon conduct that occurred in Fresno and all defendants appear to reside
20 in Fresno.  The Court finds that it would not be in the interest of justice to transfer this action.

21    Accordingly, Plaintiff's motion for a change of venue is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 31, 2017**

UNITED STATES MAGISTRATE JUDGE