# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY WEBB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GSF PROPERTIES, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00361-LJO-SAB<br><br>ORDER CONSTRUING APPLICATION TO PROCEED IN FORMA PAUPERIS AS A MOTION FOR RECONSIDERATION AND REQUIRING PLAINTIFF TO FILE A LONG FORM APPLICATION WITHIN FOURTEEN DAYS<br><br>(ECF No. 9) |

## I. BACKGROUND

On March 13, 2017, Plaintiff, proceeding pro se, filed a complaint in this action against GSF Properties, Lindsey Burrow, the Fresno Police Department, and the Fresno Sheriff's Department. Along with the complaint, Plaintiff filed an application to proceed without prepayment of fees. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 15, 2017, the magistrate judge issued an order finding that Plaintiff's application to proceed without prepayment of fees was not adequately completed. In her application, Plaintiff indicated that she received income from employment and Social Security benefits but did not indicate the amount received. (Application to Proceed Without Prepayment of Fees 1, ECF No. 2.) Additionally, in response to the question of whether she owned anything of value, Plaintiff responded that she would explain upon request. (Id. at 2.) The magistrate judge found that the information provided on the form was not sufficient to determine if Plaintiff was entitled to proceed without prepayment of fees. (Order Requiring Pl. to File Long Form Appl. To Proceed Without Prepayment of Fees 1, ECF No. 3.) The order required Plaintiff to complete and file a long form application to proceed without prepayment of fees. (Id.) Plaintiff was advised that she must adequately answer the questions on the form and if she was unwilling to complete the form, Plaintiff must pay the filing fee in full. (Id. at 2-3.)

On March 27, 2017, Plaintiff filed a long form application to proceed without

1

prepayment of fees. (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), ECF No. 4.) Upon review of the application, the magistrate judge found that Plaintiff had again not adequately completed the form. (Findings and Recommendations Recommending Denying Plaintiff's Application to Proceed Without Prepayment of Fees 2, ECF No. 5.) Specifically, in response to the question asking the average income received in the prior twelve months, Plaintiff indicated that it "depends." Also, despite indicating that she received Social Security benefits in her prior application, Plaintiff did not include any amount for retirement or disability income. (Id. at 2.) The magistrate judge found that Plaintiff had not demonstrated that she was entitled to proceed without prepayment of fees and recommended denying Plaintiff's application. (Id. at 2.) On May 4, 2017, this Court adopted the findings and recommendations and ordered Plaintiff to pay the filing fee within thirty days. (ECF No. 8.)

On May 17, 2017, Plaintiff filed a third application to proceed without prepayment of fees and several notes to the Court. (ECF No. 9.) The Court construes Plaintiff's application as a request for reconsideration.

## II. LEGAL STANDARD

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted).

Requests for reconsideration are also governed by Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."

### III. DISCUSSION

In her current application, Plaintiff indicates that she has "no place to sleep." (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) 1, ECF No. 9.) Plaintiff states she will be moving into an apartment within a few weeks. (Id. at 5.) Plaintiff also says that she is in Nevada.[1] (Letter attached at p. 8.) Therefore, it appears that Plaintiff may be homeless at this time.

The application requires Plaintiff to indicate the average monthly income she has received during the past twelve months. Plaintiff does now indicate that she receives $895 monthly in disability payments. (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) 1.) However, other aspects of her income remain unclear. Near the space where an applicant should indicate average monthly income over the past 12 months from self-employment, she has written: "only had 1 business $120." Id. It is unclear what this means. In addition, in the field set aside for employment history over the past two years, Plaintiff indicates she was employed by "Truly Iam Blessed" from 2015 through 2017 and indicates she earned between $300 to $500 per month from that job. (Id. at 2.) However, it is unclear whether she still earns that income or at what point that income stopped. Plaintiff's application also states that she will provide amounts after she receives taxes and income. (Id. at 1.) Further, Plaintiff indicated that she pays life insurance and credit card payments but did not indicate the average monthly amounts. (Id. at 4.) Finally, Plaintiff has failed to provide any information about the extent of any credit card payments she may be making to her listed visa account. Again, Plaintiff

---

[1] Plaintiff is advised that pursuant to the Local Rules of the Eastern District of California, that she is under a continuing duty to notify the Clerk of any change of address or telephone number. L.R. 182(f). "Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." Id.

has not adequately completed the application and it does not contain sufficient information for the Court to find that she is entitled to proceed without prepayment of fees in this action.

The Court shall grant Plaintiff **one final opportunity** to file an application to proceed without prepayment of fees. In completing the application, Plaintiff must specify exactly what she makes each month from each source and the amount of all of her expenses, including her monthly credit card debt. If Plaintiff fails to adequately complete the application, her application will be denied.

## IV.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed without prepayment of fees, filed May 17, 2017, is construed as a motion for reconsideration;
2. Plaintiff's motion for reconsideration is granted in part;
3. The Clerk of the Court is directed to forward a Notice of Change of Address form and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiff;
4. Within fourteen (14) days of the date of this order, Plaintiff shall either (a) pay the $400.00 filing fee for this action, or (b) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; and
5. If Plaintiff fails to comply with this order, this action shall be dismissed.

IT IS SO ORDERED.

Dated:  **May 23, 2017**                         /s/ Lawrence J. O'Neill
                                              UNITED STATES CHIEF DISTRICT JUDGE