# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY WEBB, | Case No. 1:17-cv-00361-LJO-SAB |
| Plaintiff, | ORDER |
| v. | (ECF No. 13) |
| GSF PROPERTIES, et al., | |
| Defendants. | |

Plaintiff Tracy Webb filed a complaint in this action on March 13, 2017 along with an application to proceed in forma pauperis. (ECF Nos. 1, 2.) On March 15, 2017, the magistrate judge assigned to the action issued an order finding that Plaintiff had not adequately completed her application to proceed in forma pauperis; and Plaintiff was ordered to file a long form application within twenty days. (ECF No. 3.)

Plaintiff filed a long form application to proceed without prepayment of fees on March 27, 2017. (ECF No. 4.) Upon review of Plaintiff's application, the magistrate judge issued a findings and recommendations which recommended denying Plaintiff's application to proceed without prepayment of fees. (ECF No. 6.) Plaintiff was advised that any objections to the findings and recommendations were to be filed within thirty days. (Id. at 2.) Plaintiff did not file an objection. On May 4, 2017, the findings and recommendations was adopted; and Plaintiff was ordered to pay the filing fee within thirty days and advised that failure to comply with the order would result in this action being dismissed. (ECF No. 8.)

1    Rather than paying the filing fee, Plaintiff filed a third motion to proceed in forma

2    pauperis on May 17, 2017, which the Court construed as a motion for reconsideration of the

3    order denying her application to proceed without prepayment of fees.  (ECF No. 9.)  On May 24,

4    2017, an order issued granting the request for reconsideration and providing Plaintiff with one

5    final opportunity to file a long form application to proceed without prepayment of fees or pay the

6    filing fee within fourteen days.  (ECF No. 10.)  Plaintiff was advised that she must specify

7    exactly what she makes each month from each source and the amount of all her expenses.  (Id. at

8    4.)  Further, Plaintiff was advised that failure to adequately complete her application or comply

9    with the order would result in this action being dismissed.  (Id.)  Plaintiff did not file a long form

10   application to proceed without prepayment of fees or pay the filing fees by the deadline.

11   Accordingly, on June 14, 2017, this action was dismissed for failure to comply with a court

12   order.  (ECF No. 11.)

13        On June 19, 2017, Plaintiff filed a fourth motion to proceed in forma pauperis.  (ECF No.

14   13.)  The Court construes Plaintiff's motion to proceed without prepayment of fees as a motion

15   to be relieved from final judgment under Rule 60 of the Federal Rules of Civil Procedure.

16        Under Rule 60(b), a district court "may relieve a party or its legal representative from a

17   final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence,

18   surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence,

19   could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

20   (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

21   opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

22   discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

23   prospectively is no longer equitable; or 6) any other reason that justifies relief.  "A motion for

24   reconsideration should not be granted, absent highly unusual circumstances, unless the district

25   court is presented with newly discovered evidence, committed clear error, or if there is an

26   intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

27   & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted).

28        Plaintiff has not set forth any grounds by which this Court would reconsider the order

2

1   dismissing this action.    Plaintiff was ordered to file her application to proceed without

2   prepayment of fees or pay the filing fee within fourteen days of the Court's May 24, 2017 order.

3   When Plaintiff did not comply with the May 24, 2017 order, this action was dismissed. Plaintiff

4   has not provided any reason for her failure to pay the filing fee or file a timely motion to proceed

5   without prepayment of fees.

6         Further, Plaintiff's current application does not comply with the requirements set forth in

7   the May 24, 2017 order.  Plaintiff was advised that in filing an amended application she was

8   required to specify exactly what she makes each month from each source and the amount of all

9   her expenses.  Plaintiff again indicated that she makes $300 to $500 per month and expects to

10  make $400 to $450 next month and receives $895 in disability benefits.  Despite being advised

11  on several occasions that Plaintiff was required to answer adequately the questions on the form

12  and that failure to comply would result in the dismissal of this action, Plaintiff has failed to

13  demonstrate that she is entitled to proceed without prepayment of fees in this action.    Even

14  assuming Plaintiff's income is at the low end of the range she provides, her income is $1195 per

15  month ($895 + $300) or $14,340 per year. This is above the applicable federal poverty guideline

16  ($12,060 for a household of one), *see* U.S. Dept. of Health and Human Services, Poverty

17  Guidelines, available at https://aspe.hhs.gov/poverty-guidelines (last visited July 7, 2017), which

18  is used as one measure of poverty when evaluating IFP applications. *See Vimegnon v. Oregon*

19  *Health & Scis. Univ.*, No. 3:16-CV-02304-HZ, 2017 WL 111309, at *2 (D. Or. Jan. 9, 2017).

20  Where a plaintiff's income exceeds the federal poverty guidelines and there is no evidence that

21  other expenses and financial obligations render the plaintiff unable to pay the filing fee, IFP

22  status may be denied. *See Paco v. Myers*, No. CIV. 13-00701 ACK, 2013 WL 6843057, at *3 (D.

23  Haw. Dec. 26, 2013). Here, Plaintiff sets forth expenses of $365 per month.    Deducting

24  Plaintiff's expenses of $365 from the low end of the range she provides for her monthly income

25  shows disposable income of no less than $830 per month. *Venoya v. Remmert*, No. C 07-80117M

26  CW, 2007 WL 1655628, at *3 (N.D. Cal. June 7, 2007) (denying IFP status where plaintiff had

27  disposable income of $1000 per month); *Wright v. Astrue*, No. 09-CV-1040, 2009 WL 3790192,

28  at *1 (E.D. Wis. Nov. 12, 2009) (denying IFP application where plaintiff retained $666 of

1  disposable income each month).

2      Plaintiff has not demonstrated that she is entitled to proceed without prepayment of fees.

3      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma

4  pauperis which is construed as a motion for relief from judgment in this action is DENIED.

5
   IT IS SO ORDERED.
6

7      Dated:    **July 7, 2017**              **/s/ Lawrence J. O'Neill**
                                               UNITED STATES CHIEF DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28